**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| TERRY CARSHALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 19-cv-927-STE |
| | ) |
| ANDREW SAUL, | ) |
| Commissioner of the | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's application for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **AFFIRMS** the Commissioner's decision.

**I.     PROCEDURAL BACKGROUND**

Initially and on reconsideration, the Social Security Administration (SSA) denied Plaintiff's application for supplemental security income. Following an administrative hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 21-40).

The Appeals Council denied Plaintiff's request for review. (TR. 1-6). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II.     THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. See Fischer-Ross v. Barnhart, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since January 31, 2017, the application date. (TR. 23). At step two, the ALJ determined that Plaintiff had the following severe impairments: obesity, status post injury to right lower extremity with surgical repair, degenerative joint disease of the right knee, schizoaffective disorder, post-traumatic stress disorder (PTSD), anti-social personality disorder, and bipolar disorder. (TR. 24). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 24).

At step four, the ALJ concluded that Plaintiff had no past relevant work, but retained the residual functional capacity (RFC) to perform light work with additional exertional and non-exertional restrictions:

> [Plaintiff] can sit for about six hours during an eight-hour workday and can stand and walk for about six hours during an eight-hour workday. [Plaintiff] can occasionally climb ramps and stairs. [Plaintiff] cannot climb ladders, ropes, or scaffolds. [Plaintiff] can understand, remember, and carry out simple, routine, and repetitive tasks. [Plaintiff] can relate to supervisors and co-workers on a superficial work basis. [Plaintiff] can have no contact with the general public. [Plaintiff] can adapt to work situation.

(TR. 29, 38).

The ALJ then proceeded to make findings at step five. The ALJ consulted with a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. Given the limitations presented by the ALJ, the VE identified three jobs from the Dictionary of Occupational Titles. (TR. 38-39). Relying on the testimony of the VE, the ALJ concluded Plaintiff was not disabled based on his ability to perform the identified jobs. (TR. 39-40).

### III.  STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). Under the "substantial-evidence standard," a court looks to an existing administrative record to determine whether it contains "sufficient evidence" to support the agency's factual determinations. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal alteration and quotation marks omitted). "Substantial evidence . . . is more than a mere scintilla . . . and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (internal citations and quotation marks omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

**IV.    ISSUES PRESENTED**

On appeal, Plaintiff alleges (1) mental limitations in the RFC are not supported by substantial evidence, and (2) the ALJ improperly relied on Plaintiff's activities of daily living. (ECF No. 16:3-9).

**V.    ANALYSIS**

### A.    *Mental limitations in the RFC*

Plaintiff suffers from a variety of mental disorders that the ALJ found severe; specifically, schizoaffective disorder, PTSD, anti-social personality disorder, and bipolar disorder. (TR. 24). In light of these impairments, the ALJ included the following limitations in the RFC: "[Plaintiff] can understand, remember, and carry out simple, routine, and repetitive tasks. [Plaintiff] can relate to supervisors and co-workers on a superficial work basis. [Plaintiff] can have no contact with the general public. [Plaintiff] can adapt to [a] work situation." (TR. 29). Plaintiff alleges the RFC is not supported by substantial evidence because it "fails to account for mental findings in the medical evidence of record." (ECF No. 16:3, 5).

Specifically, Plaintiff alleges the ALJ "fail[ed] to account for" findings of impaired insight and judgment; notations that he was labile, angry, anxious, and paranoid; notations that Plaintiff feels he has difficulty following rules, is aggressive, and has a severe issue with authority; and findings regarding Plaintiff's substance abuse. (ECF No. 16:3, 4-5). Plaintiff argues these findings and notations "suggest" the ALJ should have contemplated whether Plaintiff will make proper decisions in the work setting; the effect

4

on work if Plaintiff "shows up impaired"; and Plaintiff's ability to follow rules, laws, and authority. (ECF No. 16:5). Plaintiff is incorrect.

The ALJ did not fail to account for the medical evidence related to Plaintiff's mental impairments. In fact, the ALJ thoroughly discussed all of the evidence Plaintiff alleges he disregarded. Plaintiff cites to the following medical records:

- December 27, 2016 psychiatric evaluation prior to Plaintiff's admission to an inpatient program; TR. 403;
- March 9, 2017, progress note from Carl Albert Community Mental Health Center; TR. 428;
- May 24, 2017, physical consultative examination; TR. 435;
- June 16, 2017, outpatient request for prior authorization from HOPE Community Services; TR. 454; and
- June 28, 2017, doctor note from HOPE Community Services; TR. 458.

(ECF No. 16:4-5). The ALJ, however, discussed each of those medical records including the specific negative aspects noted by Plaintiff. (TR. 26-27, 31-33, 36-37).[1] The ALJ also discussed other medical records and explained his reasoning for determining the mental

---

[1] The ALJ incorrectly stated the December 2016 treatment occurred in December 2017, but a review of the records cited in the discussion makes clear Plaintiff received the treatment in 2016. (TR. 26, 31, 397-400, 411). With respect to this record, the ALJ's discussion did not include all of the negative aspects Plaintiff cites. *Compare* TR. 26, 31, *with* ECF No. 16:4-5 (citing to TR. 403). But as this record indicates Plaintiff's condition upon admission into inpatient psychiatric treatment, and the ALJ also discussed Plaintiff's condition upon discharge from the treatment, the Court finds no reversible error in ALJ's discussion of the December 2016 medical records.

5

health limitations included in the RFC. (TR. 29-37). It is the ALJ's role to review the medical evidence and resolve any evidentiary conflicts, which the ALJ did. *See Allman v. Colvin*, 813 F.3d 1326, 1333 (10th Cir. 2016). Plaintiff has not demonstrated that the ALJ failed to consider certain evidence or that there are limitations that should have been included in the RFC but were not.[2] *See* ECF No. 16:3-7. Plaintiff has not shown the ALJ's RFC assessment is not supported by substantial evidence. *See Biestek*, 139 S. Ct. at 1154. Moreover, to the extent Plaintiff's argument is merely an invitation to the Court to reweigh the evidence underlying the ALJ's finding, it is not the Court's role to do so. *See Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). Plaintiff's first argument is unavailing.

### B. *Activities of daily living*

Plaintiff additionally contends the ALJ erred in evaluating Plaintiff's symptoms by improperly relying on Plaintiff's activities of daily living, arguing "the ALJ is not permitted to rely on a claimant's ability to perform [activities of daily living] as a basis for

---

[2] Plaintiff asserts the ALJ erred in failing to properly consider both Plaintiff's substance abuse and Plaintiff's noncompliance with psychiatric medications. (ECF No. 16:5,6). The medical record, however, does not support either argument. Indeed, the ALJ found Plaintiff's substance addition disorder to be a non-severe impairment and the record indicates that Plaintiff stopped abusing substances after December 2016. *See* TR. 24, 25 (ALJ noting Plaintiff's testimony that his history of substance abuse was in remission), 426 (March 2017, Plaintiff reporting he had not used substances since December 2016), 445 (June 2017, Plaintiff reporting no substance use), 457 (June 2017, Plaintiff denies substance use). Additionally, the ALJ did not find Plaintiff to be noncompliant with his medications, but instead noted Plaintiff reported improvement with medication. *See* TR. 27, 28, 29, 32, 34, 37.

determining that the claimant is able to work." (ECF No. 16:7).[3] Plaintiff has misinterpreted Tenth Circuit precedent. Though an ALJ "may not rely on *minimal* daily activities as substantial evidence that a claimant does not suffer disabling pain," *Thompson v. Sullivan*, 987 F.2d 1482, 1490 (10th Cir. 1993) (emphasis added), it is well-settled that in considering a claimant's complaints of debilitating symptoms, an ALJ may certainly consider daily activities. SSR 16-3p, 2017 WL 5180304, at *7 (factors to consider in evaluating symptoms include daily activities); 20 C.F.R. § 416.929(c)(3)(i) (same). Accordingly, it was proper for the ALJ to rely on Plaintiff's activities of daily living.

Plaintiff, however, asserts that his activities "are not so significant as to establish that he can perform light work." (ECF No. 16:9). But Plaintiff's activities are neither minimal nor sporadic nor at a level to undermine the ALJ's finding that such activities "demonstrate the [Plaintiff] is not disabled." TR. 35; *cf. Thompson*, 987 F.2d at 1490; *Frey v. Bowen*, 816 F.2d 508, 516-17 (10th Cir. 1987) (finding "sporadic" activities did not contradict a claim of disabling pain). As the ALJ found, Plaintiff:

> shopped in stores every two weeks for two hours, washed dishes and laundry, did mowing and vacuuming, took care of his dog and took her out, sat on his porch, handled his own finances, used Facebook, did drawing and tattoos, watched television, listened to music, and did his own personal care without reminders. With regard to activities of daily living, [Plaintiff]

---

[3] Plaintiff characterizes the ALJ's symptom evaluation as a credibility assessment. (ECF No. 16:7-9). The SSA has eliminated the term credibility from the agency's sub-regulatory policy. SSR 16-3p, 2017 WL 5180304, at *2 (app. March 28, 2016). However, the underlying regulations governing symptom analysis (20 C.F.R. § 416.929) have not changed, and cases interpreting those regulations remain relevant.

testified that his wife helped him get in and out of the shower and with putting on his shoes, but he could take a shower alone and otherwise dress himself. He indicated that he could make simple meals and could do housework such as mopping and sweeping. These activities reflect that [Plaintiff] has a wide range of daily activities, and his conditions are not disabling.

TR. 35; *see also* ECF No. 16:7-8 (quoting ALJ's discussion of activities); *Wilson*, 602 F.3d at 1146 (upholding ALJ's finding that the claimant's "daily activities did not indicate significant limitations"). Plaintiff has not shown that the ALJ erred in considering Plaintiff's daily activities or that reversal is warranted on this basis.

## ORDER

The Court has reviewed the administrative record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties. Based on this review, the Court **AFFIRMS** the Commissioner's decision.

ENTERED on July 9, 2020.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE